EXCELSIOR COAL CO. v. GILDERSLEEVE et al.

(Circuit Court of Appeals, Second Circuit. March 10, 1908.)

No. 161.

1. SALES—BREACH OF WARRANTY—ACTION—MATTER TO BE PROVEN.

In an action for breach of warranty in connection with a sale, plaintiff must show the warranty, a breach, and damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, § 1253.]

2. SAME—IMPLIED WARRANTY.

That the sellers of a barge agreed to construct four coal bins in it to be loaded and unloaded separately implies a warranty of fitness.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 772–776.]

3. JUDGMENT—RES ADJUDICATA—IDENTITY OF ISSUES.

In an action for breach of warranty respecting a barge sold by defendants, judgment for plaintiff in limitation of liability proceedings brought by plaintiff after an accident, in which one man was killed and others were injured, caused by a defective condition of a bulkhead on the barge, did not establish a breach of warranty on defendants' part, since the matter before the court in the limitation of liability proceedings had wholly to do with plaintiff's liability to the damage to claimants, and had nothing to do with defendants' liability to plaintiff; any consideration of what defendants did or omitted to do being wholly collateral to the issues, and any finding with respect thereto not being binding upon defendants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1244–1247.]

4. TRIAL—EVIDENCE—IRREGULARITY ADMITTED—EFFECT.

Though, in an action for breach of warranty respecting a barge sold by defendants, a judgment in limitation of liability proceedings brought by plaintiff after an accident in which one man was killed and others were injured, caused by a defective condition of a bulkhead on the barge, did not establish a breach of warranty on defendants' part, as claimed by

plaintiff, the entire record of such proceedings, including the stenographer's minutes, being in evidence, and embracing testimony which, if properly established, would have been admissible independently, and, no objection being made to the irregularity of the proof, the jury had a right to consider such testimony.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trial, §§ 261–265.]

5. APPEAL AND ERROR—REVIEW—DIRECTED VERDICT.

In reviewing an order directing a verdict for defendant, the United States Circuit Court of Appeals must give plaintiff the benefit of all inferences fairly deducible from the testimony.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 3, Appeal and Error, § 4024.]

6. SALES—BREACH OF WARRANTY—QUESTION FOR JURY.

In an action for breach of warranty respecting a barge sold by defendants, *held*, under the evidence, improper to direct a verdict for defendants.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 43, Sales, §§ 1303–1308.]

In Error to the Circuit Court of the United States for the District of Connecticut.

Writ of error to review a judgment entered upon the verdict of a jury directed by the court in favor of the defendant.

Carpenter, Park & Symmers (James K. Symmers, of counsel), for plaintiff in error.

E. H. Rogers and J. Parker Kirlin, for defendants in error.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

NOYES, Circuit Judge. This is an action to recover damages for an alleged breach of warranty in connection with the sale of a barge. In such an action the plaintiff must allege and prove: (1) The warranty. (2) The breach. (3) The damages.

Although the complaint is involved, it may be construed as alleging that the barge was constructed with four coal bins to be loaded and unloaded separately, and was warranted fit for such use. In support of these allegations testimony was introduced that the defendants when they sold the barge agreed to construct the bins for such purpose. This implied a warranty of fitness. With respect to a breach of warranty, the complaint alleges that, while said barge was being unloaded some eight months after the sale, one of the bulkheads collapsed, killing one man and injuring others—all this by reason of the defective construction of the bulkhead. The plaintiff did not rely upon the testimony of witnesses to show the breach of warranty, but sought to establish it as an adjudicated fact binding upon the defendants by way of estoppel. Accordingly the plaintiff offered in evidence the judgment and entire record in limitation of liability proceedings instituted by the plaintiff after said accident.

The petition in these proceedings alleged that the petitioner was the owner of the barge; that the bulkhead gave way injuring several persons; that their injuries were not caused by any fault of the barge or of the persons in charge of her, but were caused by the fault of the persons unloading the cargo; that the injuries were occasioned without the privity or knowledge of the petitioner; and that suits had been

brought for the recovery of damages for such injuries. The petitioner prayed for an appraisal of its interest in the barge, for a limitation of its liability, and for an order restraining suits and requiring damage claimants to prove their claims in the proceedings. The damage claimants filed answers denying that the damage was caused through no fault of the barge or of the persons in charge of her, and alleging affirmatively that the persons in charge of the barge and of the discharge of the cargo were the agents of the petitioner, and that the damage was caused by their negligence. The plaintiff claimed that the defective construction of the bulkhead, involving a breach of the defendants' warranty, was established by the judgment in these limitation proceedings. The trial court admitted the judgment and entire record in evidence, but subsequently directed a verdict for the defendant upon the ground that the judgment failed to establish as res adjudicata the alleged breach of warranty. The first inquiry, therefore, is as to what the judgment in the limitation of liability proceedings did establish.

The limitation of liability statute is for the protection of shipowners, and provides that the liability of the owner for any fault occurring without his privity or knowledge shall not exceed the value of his interest in the vessel. An essential question under the petition for limitation of liability thus was whether the petitioner had any knowledge of the fault which gave rise to the liability. Unless this were shown, the owner was not entitled to the exemption of the statute. But manifestly the determination of the question of the petitioner's knowledge at the time of the accident failed to show defective construction at the time of the warranty. What the petitioner knew or was ignorant of established in no way the defendant's breach of warranty. The charge of negligence in the discharge of the vessel undoubtedly involved an inquiry as to the condition of the vessel at the time of the accident. If the bulkhead had then been insufficiently secured, it might have constituted negligence to discharge one bin before the other; but it was immaterial whether the bulkheads had been originally constructed improperly, or whether they subsequently became insecure. The question was as to the conditions as they existed at the time of the accident, and any inquiry as to conditions before that time was outside the issues. In other words, the matter before the court in the limitation of liability proceedings had wholly to do with the liability of the owners to the damage claimants, and had nothing to do with the liability of the vendors to the owners. Any consideration of what the defendants did or omitted to do was wholly collateral to the issues, and any finding with respect thereto not binding upon the defendants. "The former verdict is conclusive only as to facts directly and distinctly put in issue, and the finding of which is necessary to uphold the judgment. The doctrine of estoppel is restricted to facts directly in issue, and does not extend to facts which may be in controversy, but which rest in evidence, and are merely collateral. * * * No judgment or decree is evidence in relation to any matter which came collaterally in question, nor to any matter incidentally cognizable, or to be inferred from the judgment only by argument or construction." Freeman on Judgments (4th Ed.) §§ 257, 258.

160 F.—4

As we have pointed out, any inquiry in the limitation of liability proceedings involving the condition of the vessel at the time of the warranty was merely incidental to the inquiry whether there had been negligence in discharging the vessel. If the petitioner had been held free from negligence, it would not have proved that the defendants did not break their warranty. That the petitioner was held liable does not prove they broke it. The defendants were entitled to their day in court. They had a right to try out the question whether they broke their warranty. Evidence which would have been most important in an action against them by the owner had no place whatever in the limitation of liability proceedings. Thus in case the defendants could have shown that the men upon the barge had taken down the bulkheads after the plaintiff purchased it and had put them up again improperly it might have been a good defense. But there is no theory upon which such evidence could have properly come into the limitation proceedings.

The trial court, therefore, was right in holding that the judgment in the limitation proceedings did not establish a breach of warranty on the part of the defendants. If that had been the only question involved in the direction of the verdict, the action of the court would have been correct. But the case did not stand in that way. The entire record, including the stenographer's minutes, had been admitted in evidence, and was in the case. It embraced the testimony of the defendant Oliver Gildersleeve. This testimony, if properly established, would have been admissible independently. But no objection was made to its irregular proof. It was admitted before the jury, and they had the right to consider it. In this testimony it appears that the witness was repeatedly inquired of regarding that most essential question, whether the bulkheads were so constructed that the pockets could be loaded or unloaded separately. The witness would not answer that they were so constructed and finally answered:

"We build those bulkheads as the parties want them, and it is up to them to say what they can do."

Moreover, the defendants cross-examined the witness Keeler in the present case and he testified as to the construction of the bulkheads and that they were not built in the customary way.

Considering all the testimony, therefore, and giving the plaintiff the benefit of all the inferences fairly to be drawn from it (as we are bound to do when a case comes up from a directed verdict), we are unable to say that there was not evidence to warrant the jury in bringing in a verdict for the plaintiff.

There was error in the direction of a verdict. The judgment is reversed, and cause remanded for a new trial.